10-5121-ag
Liang v. Holder

BIA
A088 382 709

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of April, two thousand eleven,

PRESENT:
      RALPH K. WINTER,
      GUIDO CALABRESI,
      PETER W. HALL,
         *Circuit Judges.*

_____

YOUNG QIU LIANG, A.K.A. YONG QIU LIANG,
      *Petitioner,*

      v.                10-5121-ag
                        NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Michael Brown, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Erica B. Miles, Senior Litigation Counsel; Kohsei Ugumori, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals's ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Young Qiu Liang, a.k.a. Yong Qiu Liang, a native and citizen of the People's Republic of China, seeks review of the BIA's November 29, 2010, decision denying his motion to reopen and reconsider.  *See In re Young Qiu Liang*, No. A088 382 709 (B.I.A. Nov. 29, 2010).  We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review Liang's challenge to the BIA's denial of his motion to reopen for abuse of discretion.  *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).  "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  8 C.F.R. § 1003.2(c)(1); *see Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006).  Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure to establish a *prima facie* case

2

for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

Liang initially challenges the BIA's failure to credit his supporting documents, namely a Village Notice instructing his mother to tell him to return to China to face punishment. However, the BIA did not abuse its discretion in declining to credit Liang's Village Notice, because it was unauthenticated, and Liang had previously been found to be not credible. *See Qin Wen Zheng*, 500 F.3d 143, 146-47 (2d Cir. 2007). As a result, Liang has not shown that the Chinese authorities are either aware, or likely to become aware, of his activities, or that he possesses a well-founded fear of persecution. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Specifically, Liang has failed to show that his subjective fear of future persecution in China is objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). As a result, the BIA did not abuse its discretion in holding that Liang had not established his *prima facie* eligibility for relief, and denying his motion to reopen.

3

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4